Electronically Filed
Intermediate Court of Appeals
CAAP-13-0002468
17-FEB-2017
10:04 AM

NO. CAAP-13-0002468

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


WILLIAM MIDDLETON, Appellant-Appellant, v.
STATE OF HAWAI'I, DEPARTMENT OF HUMAN SERVICES,
Appellee-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(CIVIL NO. 12-1-001196)

MEMORANDUM OPINION
(By: Nakamura, C.J., and Leonard and Reifurth, JJ.)

This secondary appeal from an administrative proceeding arises out of a dispute over entitlement to receive Supplemental Nutritional Assistance Program ("SNAP") benefits. Appellant-Appellant William Middleton, pro se, appeals from the July 1, 2013 Final Judgment entered by the Circuit Court of the First Circuit ("Circuit Court") in favor of Appellee-Appellee State of Hawai'i Department of Human Services ("DHS") and against Middleton.[1]

We conclude that the Circuit Court abused its discretion in denying Middleton's motion to set aside the dismissal. Therefore, we vacate the July 1, 2013 Final Judgment and remand the case to the Circuit Court for proceedings consistent with this memorandum opinion.

I. BACKGROUND

On March 19, 2012, the DHS Administrative Appeals Office ("Appeals Board") held an administrative hearing in which Middleton contested the August 23, 2011; August 25, 2011; September 2, 2011; September 23, 2011; December 7, 2011;

_____

[1] The Honorable Rhonda Nishimura presided.

December 12, 2011; December 15, 2011; December 30, 2011; February 17, 2012; and March 5, 2012 notices from DHS informing him that his monthly SNAP benefits would be reduced.[2/] After the hearing and the submission of documents into evidence, on March 30, 2012, the Appeals Board issued two decisions, both determining that DHS correctly reduced Middleton's SNAP benefits, and found in favor of DHS ("March 30, 2012 Decisions").

On April 30, 2012, Middleton appealed from the March 30, 2012 Decisions to the Circuit Court. On June 15, 2012, the certified record on appeal was filed in the Circuit Court. Pursuant to the Hawai'i Rules of Civil Procedure ("HRCP"), Middleton was required to file his opening brief by July 25, 2012. Haw. R. Civ. P. 72(f)(1). Nevertheless, Middleton failed to file an opening brief or request an extension of time.

On September 6, 2012, the Circuit Court issued its Order of Dismissal based on Middleton's "failure to comply with Rule 72, Hawaii Rules of Civil Procedure." The Circuit Court further ordered that "[t]his dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of this order of dismissal."

Middleton filed a motion to set aside the dismissal, in which he argued that the Circuit Court failed to indicate which section of HRCP Rule 72 he failed to comply with, and therefore the Circuit Court's September 6, 2012 Order of Dismissal was vague. Middleton asserted that he had complied with all sections of what he knew to be HRCP Rule 72, and attached copies of HRCP Rule 72 which were printed in April 2007 and February 2008 from the State of Hawai'i Judiciary website. Under the versions of HRCP Rule 72 printed in April 2007 and February 2008, Rule 72(f) did not state the requirement that an opening brief is due within 40 days after the filing of the record on appeal. Instead, Rule 72(f) was "Reserved." DHS did not file an opposition to Middleton's motion to set aside the dismissal. On October 9, 2012, the Circuit Court issued its Order Denying Motion to Set

_____

[2/] Middleton filed his hearing requests pro se, just as he appeared pro se throughout the entire series of proceedings.

Aside Dismissal in which the court summarily denied the motion "pursuant to Hawai'i Rules of Civil Procedure Rule 72."

On November 2, 2012, Middleton filed an Ex-Parte Motion for Clarification and Ex-Parte Motion for Reconsideration ("Motion for Clarification/Reconsideration"), in which he offered multiple medical problems and issues with accessing his record as additional reasons for not filing his opening brief in a timely manner. Without waiting for a ruling on his Motion for Clarification/Reconsideration, on November 9, 2012, Middleton appealed to this court from the Order of Dismissal and the Order Denying Motion to Set Aside Dismissal. The Motion for Clarification/Reconsideration was denied on December 20, 2012 with the notation, "For lack of jurisdiction. Case is at Intermediate Court of Appeals."

On April 9, 2013, this court issued its Order Dismissing Appeal for Lack of Jurisdiction because the Circuit Court's Order of Dismissal and Order Denying Motion to Set Aside Dismissal had not been reduced to a separate judgment. On April 22, 2013, Middleton filed an Ex-Parte Motion for Final Judgment, Order or Decree, and the Circuit Court issued its July 1, 2013 Final Judgment.

Middleton timely appealed from the July 1, 2013 Final Judgment to this court.

II. POINTS OF ERROR

On appeal, although Middleton labels a section of his opening brief as "Points of Error and Argument," he fails to identify discrete points of error on appeal. We construe Middleton's arguments to assert that the Circuit Court abused its discretion when it (1) dismissed his appeal for failing to file an opening brief, (2) denied his motion to set aside the dismissal, and (3) denied his Motion for Clarification/ Reconsideration.

III. STANDARD OF REVIEW

*Dismissal for Procedural Default*

"[T]he proper standard of review [regarding] the [circuit court's] decision not to excuse a procedural default

3

. . . is abuse of discretion.  With respect to excuse of procedural default, we have previously held in similar circumstances that a court has discretion to accept or reject an untimely filed brief."  *In re Estate of Kam*, 110 Hawai'i 8, 24, 129 P.3d 511, 527 (2006) (citing *Yee v. Okamoto*, 44 Haw. 119, 120, 352 P.2d 854, 855 (1960) (noting that the trial court has discretion to accept or reject a late brief based on the reasons for untimeliness)).  "[T]o constitute an abuse of discretion a court must have clearly exceeded the bounds of reason or disregarded rules or principles of law or practice to the substantial detriment of a party litigant."  *Amfac, Inc. v. Waikiki Beachcomber Inv. Co.*, 74 Haw. 85, 114, 839 P.2d 10, 26-27 (1992) (citing *State v. Akina*, 73 Haw. 75, 78, 828 P.2d 269, 271 (1992)).

IV.  DISCUSSION

    A.    The Circuit Court did not abuse its discretion when it dismissed Middleton's appeal for failing to file an opening brief, pursuant to HRCP Rule 72(f)(1).

    We construe Middleton's argument on appeal to assert that the Circuit Court erred in dismissing his appeal for failure to file an opening brief in a timely manner.  Middleton asserts that the Circuit Court's Order of Dismissal is vague for not explicitly stating which subsection of HRCP Rule 72 the Circuit Court relied upon to dismiss the appeal.  We disagree.

    HRCP Rule 41(b)(2) provides,

> For failure to prosecute or to comply with these rules or any order of the court, the court may sua sponte dismiss an action or any claim with written notice to the parties. Such dismissal may be set aside and the action or claim reinstated by order of the court for good cause shown upon motion duly filed not later than 10 days from the date of the order of dismissal.

Haw. R. Civ. P. 41(b)(2).  Unless a circuit court's order of dismissal specifies otherwise, the dismissal is with prejudice. *See* Haw. R. Civ. P. 41(b)(3).[3]  Effective on January 1, 2012,

---

[3]    HRCP Rule 41(b)(3) states:

> Unless the court in its order for dismissal otherwise specifies, a dismissal under this subdivision and any
>     (continued...)

4

HRCP Rule 72 was updated to include HRCP 72(f), which requires that an opening brief be filed "within 40 days after the filing of the record on appeal." Haw. R. Civ. P. 72(f)(1).

In this case, Middleton appealed from the March 30, 2012 Decisions to the Circuit Court on April 30, 2012. The certified record on appeal was filed in the Circuit Court on June 15, 2012. Pursuant to HRCP Rule 72(f)(1), Middleton was required to file his opening brief by July 25, 2012. Middleton did not file his opening brief by July 25, 2012, nor did he motion the Circuit Court to extend the time in which he could file an opening brief.

On September 6, 2012, the Circuit Court issued the Order of Dismissal. The Order of Dismissal stated that "[t]his dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of this order of dismissal."[4] The Circuit Court's dismissal was with prejudice, as the order did not state otherwise.

Further, Middleton's complaints regarding the specificity of the ruling are without merit. "The trial judge is required to 'only make brief, definite, pertinent findings and conclusions upon the contested matters; there is no necessity for over-elaboration. . . .'" *Doe v. Roe*, 5 Haw. App. 558, 565, 705 P.2d 535, 542 (1985) (quoting *Tugaeff v. Tugaeff*, 42 Haw. 455, 467 (1958)). The Circuit Court specified in the Order of Dismissal that Middleton had failed to comply with HRCP Rule 72. Middleton's failure to do so notwithstanding, the rule was

---

[3] (...continued)
dismissal not provided for in this rule, other than a dismissal for lack of jurisdiction, for improper venue, or for failure to join a party under Rule 19, operates as an adjudication upon the merits.

Haw. R. Civ. P. 41(b)(3).

[4] Although the Circuit Court does not explicitly state that it had authority to dismiss Middleton's appeal for a violation of HRCP Rule 72(f) under HRCP Rule 41(b) or explain where it derived its authority at all, it appears from the language in its Order of Dismissal that it was proceeding under that latter rule. Accordingly, we consider case law that addresses discretionary dismissals under HRCP Rule 41(b).

reasonably easy to determine and thereafter to comply with, and further explanation in the order was not required.

Accordingly, pursuant to HRCP Rules 41(b) and 72(f)(1), the Circuit Court did not abuse its discretion when it dismissed Middleton's appeal for failing to file an opening brief, but afforded him the option to file a motion to have the dismissal set aside for good cause.

B.    The Circuit Court abused its discretion when it denied Middleton's motion to set aside the dismissal.

We construe Middleton's second argument on appeal to assert that the Circuit Court abused its discretion when it denied his motion to set aside the Order of Dismissal after he demonstrated "more than just 'good cause . . . .'"  Middleton argues that he complied with the requirements of HRCP Rule 72, and that his pro se status requires this court to be "flexible." In support of his argument Middleton cites to *O'Connor v. Diocese of Honolulu*, 77 Hawaiʻi 383, 386, 885 P.2d 361, 364 (1994).  We conclude that the Circuit Court abused its discretion in failing to set aside the Order of Dismissal.

With regard to the untimely filing of the opening brief, the Hawaiʻi Supreme Court has stated,

> [t]his court does not condone or excuse any infraction of the established and promulgated rules of judicial procedure. Where, however, the non-compliance is factually found not to have been the result of indifference or callous disregard, but attributable to an honest mistake, and where there has been no palpable prejudice to other parties in the case, this court is warranted, under Rule 3(f), in considering such mitigating circumstances as may be presented.

*Yee*, 44 Haw. at 122, 352 P.2d at 856 (the Hawaiʻi Supreme Court determining that failure to file an opening brief within the time allowed did not justify dismissal of appeal, where counsel mistakenly believed that he had sixty days to file the opening brief on appeal, and upon learning of his mistake notified appellees, the court, and filed a motion for an extension of time for filing the brief); *cf. Trask v. Tam See*, 42 Haw. 324, 325 (Terr. 1958) (denying the motion to dismiss appeal after appellant showed mitigating circumstances); *but see Iwamoto v. Medeiros*, 26 Haw. 235, 235 (Terr. 1922) (dismissing appeal

because appellant did not file or seek an extension of time to file his opening brief or "make any showing that might excuse his inaction"); *Keahilihau v. King*, 25 Haw. 139, 140 (Terr. 1919) (dismissing the appeal upon appellant's failure to file his brief in a timely manner despite procuring extensions of time to do so; noting that "[n]o facts have been made to appear . . . as to why the brief was not filed within the time allowed").

Although the Circuit Court did not abuse its discretion when it issued its Order of Dismissal, and although we do not condone or excuse any infraction of the established and promulgated rules, we conclude that the Circuit Court abused its discretion under these circumstances when it denied Middleton's motion to set aside the dismissal. In his motion, Middleton explained that he believed that he had complied with HRCP Rule 72, and he indicated through the materials he filed that he was mistakenly relying on outdated versions of HRCP Rule 72 that did not contain subsection (f). Specifically, Middleton attached two pages from the HRCP, which were obtained and printed from the judiciary website in April 2007 and February 2008. Neither version of the rules had conditions listed under HRCP Rule 72(f). Instead, both printouts of the rules stated "(f) Reserved." While using an out-of-date version of the HRCP is Middleton's mistake, it does appear to reasonably suggest that Middleton's non-compliance with HRCP Rule 72(f) was not the result of "indifference or callous disregard," and DHS has not asserted that they have been prejudiced in any way. *Yee*, 44 Haw. at 122, 352 P.2d at 856.

The Circuit Court displayed professional courtesy toward Middleton, even as he contended that the court was wrong about what HRCP Rule 72 required of him. Nevertheless, in light of Middleton's pro se status, his apparent reliance on an (out-of-date) resource that misled him into believing that he had done all that he needed to do, the lack of any evidence that DHS would have been prejudiced by setting aside the dismissal, and that we can read into Middleton's defense of non-filing an intention to

file an opening brief if the court would set aside his default,[5] we conclude that the Circuit Court abused its discretion in denying Middleton's motion to set aside the dismissal. *See Ryan v. Palmer*, 130 Hawai'i 321, 323, 310 P.3d 1022, 1024 (App. 2013) (holding that the failure to file a pretrial statement did not warrant dismissal with prejudice for want of prosecution, and "[a]bsent a clear record of delay or contumacious conduct, the careful exercise of judicial discretion requires that a trial court consider less severe sanctions and explain, where not obvious, their inadequacy for promoting the interests of justice." (quoting *In re Blaisdell*, 125 Hawai'i 44, 49, 252 P.3d 63, 68 (2011))). Because we have determined that the Circuit Court abused its discretion in denying the motion to set aside the dismissal, we need not address Middleton's final argument.

V.   CONCLUSION

Based on the foregoing, we vacate and remand to the Circuit Court of the First Circuit for proceedings consistent with this memorandum opinion the July 1, 2013 Final Judgment, the September 6, 2012 Order of Dismissal, and the October 9, 2012 Order Denying Appellant's Motion to Set Aside Dismissal; Filed 9/17/12.

DATED:   Honolulu, Hawai'i, February 17, 2017.

On the briefs:

William Middleton,
Pro Se Plaintiff-Appellant.

Heidi M. Rian and
Candace J. Park,
Deputy Attorneys General,
State of Hawai'i,
for Defendant-Appellee.

Chief Judge

Associate Judge

Associate Judge

---

[5]   DHS notes that Middleton has filed at least seventeen prior civil actions, and argues that although Middleton is a pro se litigant, "he is not unfamiliar with the law and the filing of court pleadings." Elsewhere, however, DHS recognizes that Middleton's failure to file an opening brief "was based on his failure to ensure that his copy of Rule 72 was current," contending that this was "not an honest mistake, but a lack of diligence."